Fox Meadow Estates, Inc., Appellant, *v.* Alexander B. Johnson and Helen Moore Johnson, Respondents.

First Department, April 14, 1938.

*Samuel B. Seidel* of counsel [*Isidore Minkin* with him on the brief; *Kurzman & Frank*, attorneys], for the appellant.

*John Q. A. Johnson, Jr.*, for the respondents.

Per Curiam. The plaintiff's assignor, Trustee Holding Corporation, entered into a contract with defendants for the exchange of real estate owned by the parties in Scarsdale and Yonkers, N. Y., respectively. The difference in equities between the two properties was fixed at $14,000 in favor of Trustee Holding Corporation, payable $2,000 in cash and the balance by purchase-money bond and mortgage executed by defendants.

The contract provided that "any difference on adjustments shall be added to or subtracted from the principal of the purchase money bond and second mortgage."

Upon the closing of title, the adjustment of taxes amounted to $3,951.76 against defendants, which, added to the balance of the purchase price, amounted to $15,951.76, for which defendants executed the purchase-money bond and mortgage sued on. Thereafter, Trustee Holding Corporation allowed the Yonkers property to be taken by the mortgagee, subject to unpaid taxes.

Plaintiff, the present holder of the bond, now sues for $13,951.76, the unpaid balance of principal due on said bond. Defendants inter-

posed an answer " that the said bond was not given for a good and valid consideration and further that the said bond was and is usurious and is void." This alleged defense is predicated on the fact that subsequent to the closing of title plaintiff's assignor did not actually pay the tax officials the amount of taxes allowed to it on the adjustment. There is no provision in the contract which required plaintiff's assignor to pay the taxes and the defendants have failed to show that any law imposes such obligation. Defendants are endeavoring to claim a right which does not exist. Moreover, defendants have made no attempt to sustain the asserted defense of usury.

There are no triable issues in this action and the motion for summary judgment should have been granted.

The order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

Present — MARTIN, P. J., O'MALLEY, DORE, COHN and CALLAHAN, JJ.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.